USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/17/2026

UNITED STATES DISTRICT COURT FOR THE
Southern District OF NEW YORK
-------------------------------------------------------------------------------x Civil Action No.: 22-cv-09496

Freedom Mortgage Corporation,

                                  Plaintiff,        **DEFAULT JUDGMENT OF FORECLOSURE AND SALE**

Marsha Jean Taggart a/k/a Marsha Jean Francis

                              Defendant(s).
------------------------------------------------------------------------

**Property Address**: 147 Haylan Road, Yorktown Heights, NY 10598
**Mortgage Servicer as of April 12, 2023:** Freedom Mortgage
**Telephone Number:**1-855-690-5900

Plaintiff having moved this Court for default Judgment of Foreclosure and Sale pursuant to FED R. CIV. P. 55. and Pursuant to New York Real Property Law (RPAPL) 1351 and 1354.

**UPON** the Summons In a Civil Action (the "Summons") filed in this action on November 9, 2022 and Complaint (the "Complaint") filed in this action on November 07, 2022 and on the Notice of Pendency filed in the Westchester County Clerk's office on November 14, 2022 and the the declaration by Robert Tremaroli, Esq., the affidavit of merit and amount due by Angela D. Roberts, who is Foreclosure Specialist II of  Freedom Mortgage, duly sworn to on Freedom Mortgage Corporation, together with the exhibits annexed thereto, all in support of Plaintiff's motion a Judgment of Foreclosure and Sale; and

**UPON** proof that each of the defendants herein has been duly served with the Summons and Complaint in this action, and has not served any answer to the Complaint or otherwise appeared, nor had their time to do so extended; and it appearing that more than the legally required number of days has elapsed since said Defendants Marsha Jean Taggart a/k/a Marsha

Jean Francis were so served and/or appeared; and Plaintiff having established to the court's

satisfaction that a judgment against defendants is warranted;

UPON the affidavit of mailing reflecting compliance with CPLR §3215(g)(3)(i) and/or

§3215(g)(4)(i); ; and

UPON proof that non-appearing defendants Marsha Jean Taggart a/k/a Marsha Jean

Francis are not absent, in accordance with RPAPL §1321(2); and  in accordance with FED R.

CIV. P. 55

UPON proof of due notice of this motion upon all parties entitled to receive same, and

upon all the prior proceedings and papers filed herein;

UPON, Plaintiffs establishment to its entitlement to a Judgment of Foreclosure and Sale;

and

The Amount due on the Note and Mortgage as of March 14, 2023 the total amount

$418,540.08, broken down as follows:

| | | |
|---|---|---|
| Principal Balance | | $ 363,149.62 |
| Interest from 3/1/2020 to 03/14/2023  at 3.25% | | $ 34,507.72 |

| ESCROW ADVANCES: | DATE PAID | AMOUNT |
|---|---|---|
| Beginning Balance | 06/30/2020 | $ (327.40) |
| Taxes | 09/14/2020 | $ 272.63 |
| | 09/14/2020 | $1,665.51 |
| | 12/07/2020 | $ 272.63 |
| | 12/07/2020 | $1,665.51 |
| | 04/05/2021 | $ 195.40 |
| | 04/05/2021 | $3,043.79 |
| | 09/10/2021 | $ 275.32 |
| | 09/10/2021 | $1,755.02 |
| | 12/08/2021 | $ 275.31 |
| | 12/08/2021 | $1,755.02 |
| | 04/05/2022 | $ 196.54 |
| | 04/05/2022 | $3,314.31 |
| | 09/09/2022 | $ 280.67 |
| | 09/09/2022 | $1,809.76 |

|                  |            |           |            |
|------------------|------------|-----------|------------|
|                  | 12/06/2022 | $1,809.75 |            |
|                  | 12/28/2022 | $ 280.67  |            |
| Hazard Insurance | 03/18/2021 | $1,059.00 |            |
|                  | 03/07/2022 | $1,189.00 |            |

| | |
|---|---|
| Total Escrow Advances | $ 20,788.74 |
| Property Inspections | $ 60.00 |
| Late Charges Prior to Acceleration | $ 34.30 |
| **Total Default** | **$ 418,540.08** |

**NOW**, on motion by, Robert Tremaroli, Esq.,  attorney for the  Plaintiff, it is hereby

**ORDERED**, **ADJUDGED AND DECREED**, that the Plaintiff's Motion is

hereby granted; and it is further

### Sale Instructions

**ORDERED**, **ADJUDGED AND DECREED,** that the mortgaged property

described in the Complaint and as hereafter described, or such part thereof as may be

sufficient to discharge the mortgage debt, the expenses of the sale, and the costs of this

action as provided by the RPAPL §1351 be sold, in one parcel, at a public auction at the

Fronts steps  111 Dr.Martin Luther King Jr Blvd, White Plains, NY 10601 by and under

the direction Joseph A. Ruggiero, Esq. at 4 Southview Road,Chappaqua, NY 10514 ph.

914-760-8006,  who is hereby appointed Referee for that purpose; that said Referee give

public notice of the time and place of sale in accordance with RPAPL §231 in Journal

News, Westchester Edition; and it is further

### Initial Bid Instructions

**ORDERED, ADJUDGED and DECREED** that the Referee shall accept at such

sale the highest bid offered by a bidder who shall be identified upon the court record and

shall require that such successful bidder immediately execute Terms of Sale for the purchase of the premises and pay to the Referee, in cash or certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is the plaintiff in which case no deposit against the purchase price shall be required; and it is further

### Subsequent Bid Instructions

**ORDERED, ADJUDGED and DECREED** that in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject premises or fails to immediately pay the ten percent (10%) deposit as required, the premises shall immediately and on the same day be reoffered at auction; and it is further

### Closing of Title

**ORDERED, ADJUDGED and DECREED** that the closing of title shall take place at the office of the Referee or at such other location as the Referee shall determine and the closing of title and filing of the Referee's deed shall be made within thirty (30) days after such sale unless otherwise stipulated to by all parties; and it is further

### Deposit of Funds

**ORDERED, ADJUDGED and DECREED** that the Referee shall deposit all funds received pursuant to this Judgment of Foreclosure and Sale in the Referee's IOLA account; and it is further

### Payment from Funds

**ORDERED, ADJUDGED and DECREED** that the Referee on receiving the proceeds of such sale shall cause to be paid promptly therefrom:

**FIRST:** The statutory fees and commissions of the Referee pursuant to CPLR §8003(b) in the amount of $750.00. In the event a scheduled sale is cancelled or

postponed by a person or entity other than the Referee, pursuant to CPLR §8003(a) the plaintiff shall pay to the Referee the sum of $250.00 for each adjournment or cancellation. Such compensation may be recouped from the proceeds of sale as a cost to plaintiff. This Judgment of Foreclosure and Sale constitutes the necessary prior authorization for compensation as set forth herein. No compensation totaling in excess of $1,100.00, including compensation authorized pursuant to CPLR §8003(a) for computation of the sum due to plaintiff, may be accepted by the Referee without Court approval.

**SECOND:**   The reasonable expenses of the sale, including the cost of advertising as shown on the bills presented and certified by the Referee to be correct, copies of which shall be annexed to the Report of Sale. The Referee shall not be held responsible for the payment of penalties or fees pursuant to this appointment. The Purchaser shall hold the Referee harmless from any such penalties or fees assessed.

**THIRD:**   Pursuant to RPAPL §1354 in accordance with their priority according to law, all taxes, assessments, sewer rents, water rates and any other charges placed upon the premises by any municipal authorities having priority over the foreclosed mortgage and which are liens on the premises at the time of sale, with such interest or penalties that lawfully may have accrued thereon to the date of payment.

**FOURTH:** as limited herein, to the plaintiff or its attorneys

**(a)**   the sum of **$793.05**         for costs and disbursements in this action to be taxed by the Clerk, with interest from the date hereof;

**(b)**   the sum of **$418,540.08**    , the amount approved by the Court as due, together with interest thereon pursuant to the terms of the Note from

March 15, 2023, the date to which interest was calculated in the Plaintiff's

affidavit through the date of entry of this Judgment of Foreclosure and

Sale, and thereafter at the statutory post-judgment rate to the date of

transfer of title, or so much thereof as the purchase money of the

mortgaged premises will pay of the same;

**(c)**     the sum of **$5,225.00**     hereby awarded to the plaintiff as reasonable

legal fees as provided for in the Mortgage;

**(d)**     the amount of any advances provided for in the Note and Mortgage that

plaintiff may have made for taxes and insurance, and amounts due to prior

mortgagors, upon presentation to the Referee of receipts for these

expenditures;

**(e)**     the amount of any advances provided for in the Note and Mortgage that

plaintiff reasonably may have made to maintain the premises pending

consummation of the foreclosure sale upon presentation to the Referee of

receipts for these expenditures.

## Report of Sale

**ORDERED, ADJUDGED and DECREED** that the Referee shall timely file the

Referee's Report of Sale; and it is further

## Plaintiff as Purchaser

**ORDERED, ADJUDGED and DECREED** that in the event plaintiff purchases

the mortgaged premises at the sale, the Referee shall not require the plaintiff to pay in

cash the entire amount bid at the sale but shall execute and deliver to the plaintiff a deed

of the premises sold upon payment to the Referee of the sum awarded under the above

provisions marked "FIRST," "SECOND," and "THIRD," if such expenses were paid by the Referee, or in lieu of the payment of the last mentioned amounts, upon filing with the Referee receipts of the proper municipal authorities showing payment thereof. The balance of the amount bid, after deducting therefrom the aforementioned payments to the Referee shall be allowed to the plaintiff and applied by the Referee upon the amounts due to the plaintiff as specified in item marked "FOURTH." If upon applying the balance of the amount bid, there is a surplus over the and above the amounts due to plaintiff, then upon delivery to plaintiff of the Referee's deed, plaintiff shall pay to the Referee the amount of such surplus, which amount shall be applied by the Referee, upon motion made pursuant to RPAPL §1351(3), and proof satisfactory to the Referee of the sums due thereon, to any subordinate mortgage duly recorded against the premises pursuant to RPAPL §1354(3), which payment shall be reported in the Referee's Report of Sale. Any surplus remaining after all payments as herein provided shall be deposited into Court in accordance with RPAPL §1354(4) and the Referee shall immediately give notice of such surplus to the owner of the mortgaged premises as identified by plaintiff at the time of the sale; and it is further

**Surplus Monies**

**ORDERED, ADJUDGED and DECREED** that the Referee shall take and file with the Referee's Report of Sale plaintiff's receipt(s) for the amounts paid as directed in item marked "FOURTH," and the Referee shall deposit the surplus monies, if any, with the Westchester County Treasurer/Clerk, to the credit of this action, within five (5) days after receipt unless such period is deemed extended by the filing of an application for additional compensation, to be withdrawn only upon order of this Court; and the Referee

shall make the Referee's Report of Sale under oath showing the disposition of the

proceeds of the sale accompanied by the vouchers of the person(s) to whom payment was

made and file with the Court within thirty (30) days after completing the sale and

executing the proper conveyance to the purchaser or within thirty (30) days of a decision

of this Court with respect to any application for additional compensation; and it is further

**Foreclosure Action Surplus Monies Form**

**ORDERED, ADJUDGED and DECREED** that the Referee shall complete the

Foreclosure Action Surplus Monies Form to be filed by the plaintiff herein**;** and it is

further

**Deficiency Judgment Application**

**ORDERED, ADJUDGED and DECREED** that if the proceeds of the sale are

insufficient to pay the amount reported by the Referee as due to plaintiff, the plaintiff may

apply to the Court to recover the whole or such part of the deficiency as prescribed by

RPAPL §1371; and it is further

**Possession**

**ORDERED, ADJUDGED and DECREED** that the purchaser(s) at the

foreclosure sale be let into possession of the premises on production of the Referee's

deed; and it is further

**Claims Barred**

**ORDERED, ADJUDGED and DECREED** that the defendant(s) in this action,

and all persons claiming under any of them after the filing of the Notice of Pendency of

this action, be and hereby forever are barred and foreclosed of all right, claim, lien, title,

interest and equity of redemption in the mortgaged premises and each and every part

thereof; and it is further

**Conditions of Sale**

**ORDERED, ADJUDGED and DECREED,** that the terms of sale to the extent they do not contradict this judgment of violate any law, shall be binding in all respects on the purchaser; and it is further

**ORDERED, ADJUDGED and DECREED** that the premises be sold in "as is" physical order and condition on the day of sale, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show, any covenants, restrictions, declarations, reservations, easements, right of way and public utility agreements of record, any building and zoning ordinances of the municipality in which the mortgaged premises are located and possible violations of same, any rights of tenants or persons in possession of the subject premises, prior liens of record, if any, except those liens addressed in RPAPL §1354, and any equity of redemption of the United States of America to redeem the premises within one hundred twenty (120) days from the date of sale. Risk of loss shall not pass to purchaser until closing of title; and it is further

**Referee Qualification**

**ORDERED, ADJUDGED and DECREED** that by accepting this appointment, the Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge of the State of New York  including but not limited to 22 NYCRR § 36.2(c) ("Disqualifications from appointment) and 22 NYCRR §36.2(d) ("Limitations on appointments based upon compensation"); and it is further

**Service of Judgment of Foreclosure and Sale**

ORDERED, ADJUDGED and DECREED that a copy of this Judgment of Foreclosure and Sale with notice of entry shall be served no less than thirty (30) days prior to sale upon the designated Referee, the owner of the equity of redemption as of the date of this Judgment of Foreclosure and Sale, any tenants named in this action, and any other party entitled to notice; and it is further

**Service of Notice of Sale**

ORDERED, ADJUDGED and DECREED that plaintiff shall serve a copy of the Notice of Sale upon the owner of equity of redemption at the owner of equity of redemption's last known address and at the property address, and an affidavit of such service shall be filed at least ten (10) days prior to the scheduled sale; and it is further

**Recording of the Judgement**

ORDERED, ADJUDGED and DECREED , that the Westchester  County Clerk is hereby directed to record a copy of this Judgment against the land records for the subject property.

Dated: April 17, 2026
       White Plains, NY

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

## LEGAL DESCRIPTION

The Property which is located at Yorktown Heights, New York 10598-4303.
This Property is in Westchester County. It has the following legal description:

Situated in the Town of Yorktown, County of Westchester, State of New York:

All that certain plot, piece or parcel of land, with the buildings and improvements thereon erected situate, lying and being in the Town of Yorktown, County of Westchester and State or New York, known and designated as Lots Nos. 463, 464, 465, 466, 467 and 468 on a certain Map entitled, "Lake Section of Yorktown Heights, Property of Westput Realty Corporation, Situated in the Town of, Yorktown, County of Westchester, N.Y.", made by J. Henry Carpenter and Co., (Harry J. Parker), Civil Engineers and Surveyors, dated May 20, 1927 and filed in the Office of the Clerk of Westchester County Subdivision of Land Records, as Map No. 3170.

Sand premises being described on the Official Tax Map of the Town of Yorktown Section 10.14, Parcel 61, Lot 135 and Section 10.14, Parcel 61, Lot 136.

Tax ID No: 555400 37.19-2-47

Being the same property as conveyed from Marsha Jean Taggart a/k/a Marsha Jean Francis to Marsha Jean Taggart a/k/a Marsha Jean Francis and James C. Francis her husband as set forth in Deed Book 10487 Page 139 dated 01/04/1993, recorded 01/07/1993, Westchester County, New York.

Address: 147 Haylan Rd , Yorktown Heights, NY 10598